

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00249-CR
No. 07-19-00250-CR

**SANTOS ALCANTARA BARCENAS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court Nos. B19916-1503 & B19937-1504, Honorable Kregg Hukill, Presiding

March 16, 2020

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

On May 28, 2015, appellant, Santos Alcantara Barcenas, was placed on deferred adjudication community supervision for five years for the offense of engaging in organized criminal activity[1] and convicted of the offense of possession of a controlled substance.[2] The trial court sentenced appellant to five years' confinement for possession of a

---

[1] TEX. PENAL CODE ANN. § 71.02 (West Supp. 2019).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2017).

controlled substance, but suspended the sentence in favor of community supervision for five years. On June 10, 2019, the trial court revoked appellant's deferred adjudication community supervision, adjudicated him guilty of engaging in organized criminal activity, and revoked appellant's community supervision for possession of a controlled substance. The trial court sentenced appellant to seven years' confinement for engaging in organized criminal activity and to five years' confinement for possession of a controlled substance, with the sentences to run concurrently. Appellant appeals the judgments proceeding pro se.

Appellant's brief was originally due on December 27, 2019, but was not filed. We subsequently granted him two extensions to file a brief. By letter of January 28, 2020, we admonished appellant that no further extensions would be granted and that failure to file a brief by February 26 would result in the appeals being abated and the causes remanded to the trial court for further proceedings without further notice. To date, appellant has not filed a brief or had any further communication with this Court.

Rule of Appellate Procedure 38.8(b) provides, in part, that an appellant's failure to file a brief in a criminal case does not authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) the appellant no longer desires to prosecute the appeal, or (2) the appellant is not indigent and has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4).

We, therefore, abate the appeals and remand the causes to the trial court for further proceedings. TEX. R. APP. P. 38.8(b). Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1.  whether appellant still desires to prosecute the appeals;

2.  whether appellant is indigent and entitled to the appointment of appellate counsel;

3.  whether appellant has failed to make the necessary arrangements for filing a brief;

4.  the reason for appellant's failure to file a brief; and

5.  if appellant desires to continue the appeals, the date the Court may expect appellant's brief to be filed.

If it is determined that appellant wants to proceed with the appeals, is indigent, and is entitled to appointed counsel, the trial court shall appoint appellate counsel. The name, address, email address, telephone number, and State Bar of Texas identification number of appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact, conclusions of law, and any necessary orders addressing the foregoing subjects. The trial court shall also cause to be developed a clerk's record containing the findings of fact, conclusions of law, and any necessary orders, and a reporter's record transcribing the evidence and argument presented at any hearing held. The hearing record shall be filed with the Clerk of this Court on or before April 15, 2020.

It is so ordered.

Per Curiam

Do not publish.

3